UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE

GLOCK INC. 43X Pistol CAL:9 SN: BMAP005 (23-ATF-031419); BROWNING BL22 Rifle CAL:22 SN:20237MX242 (23-ATF-031425); BROWNING BL22 Rifle CAL:22 SN:03549ZP242 (23-ATF-031426)

Defendants *in Rem*

Misc. No.: 23-51740
Honorable: Terrence G. Berg

**Stipulation and Order Extending United States' Time to File Forfeiture Complaint and to Toll the Civil Filing Deadline**

It is hereby stipulated by and between the United States of America, by and through its undersigned attorneys, and Laurence Eaton, by and through his attorney, as follows:

1. On August 15, 2023, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") seized pursuant to a federal search warrant the following property from Laurence Eaton:

- GLOCK INC. 43X Pistol CAL:9 SN: BMAP005 (23-ATF-031419)

- BROWNING BL22 Rifle CAL:22 SN:20237MX242 (23-ATF-031425)

- BROWNING BL22 Rifle CAL:22 SN:03549ZP242 (23-ATF-031426)

(referred to herein as the "Property").

2. The Parties acknowledge and stipulate that Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") provided notice as required by 18 U.S.C. § 983(a)(1)(A) of the seizure and its intent to administratively forfeit the Property to all known interested parties, including to Laurence Eaton.

3. Laurence Eaton filed a claim in the administrative forfeiture proceeding with ATF regarding the Property. No other person has filed a claim to the Property in the administrative forfeiture proceeding.

4. ATF referred the administrative claim to the United States Attorney's Office for civil judicial forfeiture proceedings.

5. Pursuant to 18 U.S.C. § 983(a)(3)(A) and (B), within 90 days after a claim has been filed in an administrative forfeiture proceeding, the United States is required to do one of the following:

    (a) file a complaint for forfeiture against the claimed property,

    (b) return the claimed property, or

    (c) include the claimed property for forfeiture in a criminal action,

in order for the United States to take further action to effect the civil forfeiture of the claimed property in connection with the underlying offense, unless the court extends the deadline for good cause shown or by agreement of the parties. In this case, the 90-day deadline would be **December 18, 2023**.

6.      As provided in 18 U.S.C. § 983(a)(3)(A), the parties wish by agreement to extend the 90-day deadline set forth in 18 U.S.C. § 983(a)(3)(A) and (B), and to toll the deadline, in order for the parties to have a reasonable and sufficient period in which to evaluate their respective interests in and positions regarding the Property.

7.      The claimant knowingly, intelligently, and voluntarily gives up any rights he may have under 18 U.S.C. § 983(a)(3)(A) and (B) to require the United States to file a complaint for forfeiture against the Property, to return the Property, and/or to include the Property for forfeiture in a criminal action by **December 18, 2023**.

8.      The parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the Property, to return the Property, and/or to include the Property for forfeiture in a criminal action to toll the civil filing deadline shall be extended **30 days** from **December 18, 2023** to and including **January 17, 2024**.

9.      The claimant waives all constitutional and statutory challenges related to the foregoing extension and gives up any rights he may have to seek dismissal of any civil forfeiture complaint and/or any criminal forfeiture allegation in a criminal action on the ground that forfeiture proceedings were not timely commenced. Laurence Eaton further waives and agrees to the tolling of any rule or provision of

law limiting the time for commencing, or providing notice of, forfeiture proceedings with respect to the Property, including, but not limited to, the limitations contained in 18 U.S.C. § 983 and 19 U.S.C. § 1621.

10. The claimant agrees that until the United States files a complaint for forfeiture against the Property and/or alleges forfeiture of the Property in a criminal action, or until **January 17, 2024**, whichever occurs first, the Property shall remain in the custody of the United States and the claimant shall not seek its return for any reason in any manner.

11. By signing below, Ian Redmond, declares that prior to signing this Stipulation, he provided a copy of it to claimant, Laurence Eaton, consulted with the claimant regarding its contents, answered any questions the claimant had about it, determined that the claimant understands its terms and is aware of his rights in this matter, and Laurence Eaton authorized his counsel, Ian Redmond to sign this Stipulation.

12. By their signatures below, the Parties agree to all of the terms and conditions stated herein.

//

//

//

//

Approved as to form and substance:

Dawn N. Ison
United States Attorney

| | |
|---|---|
| S/Gjon Juncaj | S/Ian Redmond (with Consent) |
| Gjon Juncaj (P63256) | Ian Redmond (P70599) |
| Assistant United States Attorney | Attorney for Laurence Eaton |
| 211 W. Fort Street, Suite 2001 | Law Offices of Barton Morris |
| Detroit, MI 48226 | 801 W Big Beaver Rd. Ste 600 |
| (313) 226-0209 | Troy, MI 48084 |
| Gjon.Juncaj@usdoj.gov | (248) 541-2600 |
| | Ian@bartonmorris.com |
| Dated: December 15, 2023 | Dated:  December 15, 2023 |

**IT IS SO ORDERED.**

Date:       December 18, 2023          /s/Terrence G. Berg
                                        TERRENCE G. BERG
                                        UNITED STATES DISTRICT JUDGE

5